[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11373
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00735-UA-DNF

TIMOTHY M. BUNCK,
LINDA J. BUNCK,

Plaintiff -Appellants,

versus

GARY R. KING,
WILLIAM A. BOYD,
DOLORES D. MENENDEZ,
CITY OF CAPE CORAL,
as a corporate municipality,
CITY OF CAPE CORAL,
as a person under the meaning of 1983,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 18, 2013)

Before DUBINA, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Timothy and Linda Bunck appeal pro se the dismissal of their third amended complaint against the City of Cape Coral, Florida, and its officials, Gary King, William Boyd, and Delores Menendez. See 42 U.S.C. § 1983. The district court dismissed the Buncks' third amended complaint for failure to state a claim for relief. See Fed. R. Civ. P. 12(b)(6). We affirm.

The Buncks alleged that they paid sewer fees to the City of Cape Coral, Florida, for 18 years when, unbeknownst to them, their home was connected to a septic tank and City officials then ignored four letters in which the Buncks demanded that the City refund those fees. The Buncks also alleged that City Ordinance 19-2.5 created an "irrebuttable presumption" that their property had been connected to the city sewer system and required them to pay sewer charges. The Buncks' complaint alleged an infringement of their liberty and property interests protected by the Fifth and Fourteenth Amendments and a violation of their right to equal protection under the Fourteenth Amendment.

The district court did not err by dismissing the Buncks' complaint. The Buncks alleged that the officials' failure to respond to the demand letters or promptly provide a refund violated their right to substantive due process, but the Buncks failed to allege that they were deprived of any recognized fundamental

2

right, see Albright v. Oliver, 510 U.S. 266, 272, 114 S. Ct. 807, 812 (1994), or that the official inaction they alleged could "properly be characterized as arbitrary, or conscience shocking, in a constitutional sense," Cnty. of Sacramento v. Lewis, 523 U.S. 833, 847, 118 S. Ct. 1708, 1717 (1998) (quoting Collins v. City of Harker Heights, Tex., 503 U.S. 115, 128, 112 S. Ct. 1061, 1070 (1992)).  The Buncks also complained that Ordinance 19-2.5 created an "irrebuttable presumption" that violated their right to substantive due process, but the Buncks failed to identify any fundamental right violated by the ordinance, which we review for a rational basis. See Bannum, Inc. v. City of Fort Lauderdale, Fla., 157 F.3d 819, 822 (11th Cir. 1998).  Because the ordinance is rationally related to the legitimate interests of the City in disposing of waste and being compensated for that service, the Buncks failed to state a claim of a denial of substantive due process.  Although the district court also addressed on the merits the Buncks' claims that the failure to respond to their requests for a refund deprived them of property without adequate process and denied them "equal protection of the laws," the Buncks expressly abandoned those claims on appeal.

We **AFFIRM** the dismissal of the Buncks' complaint.

3